Magerko et al., *v.* West Penn Railways Company, Appellant.

Argued October 4, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*William A. Challener, Jr.,* with him *Challener & Challener,* for appellant.

*J. Thomas Hoffman,* with him *David S. Palkovitz,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, November 20, 1950:

This action of trespass was brought against the West Penn Railways Company, defendant, by Frank Magerko, as guardian of his minor son, and by Frank Magerko and Helen D. Magerko, his wife, as parents in their own right, to recover damages for injuries sustained by the minor plaintiff and loss sustained by them. The minor was twenty-one months old at the time of the accident when he was run over by a street car of defendant, August 4, 1945, and suffered the loss of his right foot. The jury found a verdict for plaintiffs in the amount of $24,000; divided $14,000 for the minor and $10,000 for the parents. It made a special finding that defendant's motorman was guilty only of negligence and not of reckless misconduct. Motions for judgment n.o.v. and new trial were denied, the latter conditioned upon the parents filing a remittitur of that part of their verdict in excess of $6,000. The remittitur having been filed, judgments were entered on the verdicts and this appeal followed.

The accident happened on defendant's single-track street railway near the Village of New Salem in Manellan Township, Fayette County. In that area the tracks are parallel and adjacent to the improved portion of a road known as Mill Street. The minor plaintiff, who lived a short distance from the place of the accident, had wandered away from his home and started to cross the tracks when his foot became wedged between the rail of the track and the guard rail. Several young boys who were playing in the vicinity ran to his aid but were unable to extricate him. When the boys saw the street car of defendant approaching, they laid minor plaintiff down between the tracks to minimize the possible injury and proceeded to wave their arms and shout to the motorman to stop. The street car was about fifty feet away from the place of the accident and approaching at a speed of ten miles an hour when the motorman first noticed the boys waving and shouting. At that time, the evidence shows that he was putting coins in paper wrappers. He continued to watch the boys until the car reached a point approximately ten feet from the trapped minor plaintiff when he suddenly saw him and immediately applied his brakes. The street car came to a stop just as the front wheels passed over minor plaintiff's leg and crushed it.

No extended argument is necessary to show that on these facts the question of defendant's negligence was properly left to the jury. The motorman could not devote his full attention to the operation of the street car, as he should have, while he was wrapping coins. Furthermore, in spite of the fact that he was concerned over the nearness of the boys to the track and their obvious alarm, he made no effort to reduce his speed or ascertain the reason for their excitement. Under those circumstances the jury was justified in finding the motorman guilty of negligence.

Defendant produced a deed, dated November 17, 1906, whereby one Neff and others conveyed to defendant this right of way. It is defendant's contention that that deed gave defendant a private right of way; consequently, minor plaintiff was a trespasser and, under familiar rules of law, defendant is not liable for mere negligence to a trespasser.

In 1905, the land in question, was owned in fee by Neff and in that year he recorded a plan showing Mill Street as being fifty feet wide. At that time Mill Street was only fifteen feet wide and it is conceded by defendant that the recording of the plan was an offer by Neff to dedicate the additional thirty-five feet to public use. Nevertheless defendant asserts that the deed from Neff to defendant acted as a revocation of the offer to dedicate the land. This argument is refuted by reference to the deed itself. That deed provided that the right of way ". . . shall be confined to the western side of said Mill Street . . . And provided further, that said right of way shall not include or cover any portion of the land heretofore conveyed by the said parties of the first part to Daniel J. Johnson west of said Mill Street." Since the Johnson land was bounded by the western edge of Mill Street as laid out on the plan, it is quite clear that the parties contemplated that the tracks would be laid in the newly dedicated portion of Mill Street which lay west of the original fifteen-feet wide road. There being nothing in the deed to indicate an intention to destroy the right of the public to use the full fifty-feet width of Mill Street, that intention cannot be presumed. The extent of a grant to construct and operate a railroad in a street is limited to what is expressly granted; nothing in derogation of public user will be implied: *DiBlasi v. Pa. R. R. Co.*, 361 Pa. 181, 185, 63 A. 2d 70. Therefore, the right of way remained subject to use by the public. That being true, minor

plaintiff was not a trespasser and could recover for injuries caused by defendant's negligence.

In support of its motion for a new trial, defendant urges that the verdict of $14,000 in favor of the minor plaintiff and the verdict, as remitted, of $6,000 for the parents are both excessive. The right of plaintiffs to recover is fully justified both in fact and in law. However, we are satisfied the learned court below did not sufficiently reduce the verdict of the parents; that $6,000 is excessive, and that $4,000 would be much nearer what is reasonable and proper under the circumstances, it being obvious that a strong sympathy moved the jury. The verdict of $14,000 for the minor plaintiff, not reduced by the court below, is also excessive and must be reduced to $12,000, which more nearly represents the true loss.

The judgment in favor of the minor plaintiff (No. 120 March Term, 1950) as reduced to the sum of $12,000, and the judgment in favor of parent plaintiffs (No. 121 March Term. 1950) as reduced to $4,000 are affirmed.